IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff-Respondent*,

v.

TODD JAMES,

*Defendant-Petitioner*.

Case No. 22-CR-10004-03-EFM
Case No. 24-CV-01226-EFM

**MEMORANDUM AND ORDER**

Before the Court is Defendant-Petitioner Todd James's Motion to Vacate his sentence under 28 U.S.C. § 2255 (Doc. 119). Having previously entered a guilty plea on one count of wire fraud, Defendant now claims that his counsel's ineffective assistance resulted in a higher sentence than he should have received had his attorney properly investigated the law, facts, and circumstances of the case and had made proper objections at sentencing. Defendant's claims, however, possess no legal or factual merit. Therefore, the Court denies Defendant's Motion.

## I.   Factual and Procedural Background

On February 23, 2022, the grand jury returned an Indictment alleging numerous offenses involving Defendant Todd James and two other individuals. Defendant James was accused of conspiring to distribute marijuana (Count 1), maintaining drug premises (Counts 2, 3), conspiring to launder monetary instruments (Count 4), wire fraud (Counts 5–8), use of a communication facility to facilitate commission of a felony (Counts 9–12), distribution of marijuana (Counts 13, 14, 17, 18) and possession with intent to distribute marijuana (Count 15).

At all relevant times, Defendant James was represented by retained counsel, Kurt Kerns. On or about July 23, 2024, defense counsel notified the Court that Defendant James would enter a plea. A plea agreement was negotiated, offered, and signed by the parties on July 30, 2024, when Defendant James entered his plea of guilty to Count 8 of the Indictment.

The plea agreement stated, among other things, that (1) the Court would apply the United States Sentencing Guidelines to calculate an appropriate sentence, (2) the Court could consider any relevant conduct in determining the appropriate guideline range, (3) the sentence was to be determined by the Court, and (4) the defendant waived his right to appeal or collaterally attack the sentence imposed by the Court. Defendant and his counsel signed the plea agreement.

The Presentence Investigation Report ("PSIR") was presented to the parties and filed before sentencing without objection. It detailed that Defendant James and his co-conspirators used multiple businesses and their accounts to launder drug proceeds. Among these businesses were Rocking Billy Goat, Champs Bar & Grill, and Getaway Lounge. Although the businesses were registered under Asher Joseph's name, Defendant James and two others were the true owners. After Joseph would secure the liquor licenses and open the bars, others would bring money from Oklahoma and deposit the money under the bar accounts. Defendant James controlled the funds and used them to pay himself. In exchange for allowing these transactions, Joseph received payments.

The PSIR established the base offense level as 7 with an upward adjustment of 12 pursuant to U.S.S.G. § 2B1.1(b)(1)(6) and Application Note 3(B), because the loss/gain based upon the scheme to defraud was more than $250,000 and less than $550,000.

On October 17, 2024, defense counsel filed Defendant James's Sentencing Memorandum, in which he requested a probationary sentence based on the statutory sentencing factors and the

sentences of co-conspirators. He also argued that the guideline calculation noted in the PSIR placed a heavy weight on the offense without taking into consideration the specific characteristics of Defendant James.

At the October 21 sentencing hearing, Defendant James stated that he had an opportunity to review the PSIR and discuss it with his attorney. Both attorneys stated that there were no objections. When the Court asked counsel to provide recommendations as to the appropriate sentence, the Government argued for 21-months imprisonment as the low end of the guidelines, and defense counsel argued for 5-years probation. The Court advised the parties that it would impose a 21-month sentence, along with its justifications, and asked the parties if anyone objected. The parties affirmatively stated that no one objected. Then the Court imposed a sentence of 21-months imprisonment followed by two years of supervised release.

On December 10, 2024, Defendant James filed the instant motion, seeking to vacate and set aside his conviction and sentence under 28 U.S.C. § 2255. Defendant argues that his counsel's ineffective assistance resulted in a higher sentence than he should have received had his attorney properly investigated the law, facts, and circumstances of the case and had made proper objections at sentencing.

Specifically, Defendant argues that he only pled guilty to Count 8, which charged him with wire fraud in the amount of $77,453.13 in relation to his operation of Rockin Billy Goat. However, Defendant claims that the PSIR incorrectly calculated his offense level by adding together the wire fraud amount from Count 8 with the amounts from Counts 6 and 7. Count 6 charged Defendant with wire fraud in the amount of $91,205.39 in relation to his operation of Getaway Lounge, and Count 7 charged Defendant with wire fraud in the amount of $136,336.76 in relation to his operation of Champs Bar & Grill. When adding together the amounts from Counts 6, 7, and 8,

Defendant received a total of $304,995.28 due to his wire fraud. Defendant argues that reliance on this total amount increased his offense level by 12 points, changing his initial offense level from a 7 to a 19.[1] Defendant claims that instead, his base level offense should have only increased by 6, changing his initial offense level from a 7 to a 13.[2]

The Government filed a timely response, but Defendant did not reply. The motion, being fully briefed, is now ripe for the Court's ruling.

## II.     Legal Standard

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[3] The

---

[1] *See* U.S.S.G. 2B1.1(b)(1)(G) (setting the base offense at a level 7 and increasing the offense level by 12 points if the loss exceeds more than $250,000 but less than $550,000).

[2] *See* U.S.S.G. 2B1.1(b)(1)(D) (setting the base offense at a level 7 and increasing the offense level by 6 points if the loss exceeds more than $40,000 but less than $95,000).

[3] 28 U.S.C. § 2255(b).

petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[4] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[5]

### III.     Analysis

Defendant moves to vacate his sentence on the basis that his counsel's ineffective assistance resulted in a higher sentence than he should have received. However, Defendant's plea agreement bars his ability to challenge his sentence. Specifically, the plea agreement states in relevant part:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack . . . the sentence to be imposed herein, including assessments, as well as the length and conditions of supervised release. . . . The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable.

Here, the Court did not vary upward from the sentencing Guideline. Thus, Defendant's only valid basis for challenging his sentence is by establishing the "plea validity exception" set forth in *United States v. Cockerham*.

---

[4] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[5] *See id*. (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

Plea agreements in which a defendant waives his right to bring a § 2255 motion are generally enforceable.[6] This rule extends to most ineffective assistance of counsel claims.[7] The only unwaivable ineffective assistance claim is one that attacks the validity of the plea.[8] This is because "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."[9] Thus, if defense counsel fails to explain the terms of the plea deal such that the defendant's agreement to it was not knowing or voluntary, he does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel to challenge the plea's validity.[10]

However, ineffective assistance claims that do not challenge the validity of the plea, but instead challenge counsel's performance at sentencing, do not survive the § 2255 waiver.[11] "A voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."[12] And defendants may not circumvent this rule by couching their argument in terms of ineffective assistance when, in reality, they merely seek to attack their sentence or the manner in which it was determined.[13]

Here, Defendant clearly states that "[t]his is not a case where [he] is seeking to have the plea undone, but rather one in which the Court considers the fact that the sentencing guidelines would not have been the same had counsel presented the proper arguments at sentencing." In

---

[6] *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).

[7] *Id.* at 1187.

[8] *Id.*

[9] *Id.* (quoting *United States v. Broce*, 488 U.S. 563, 569 (1989)).

[10] *Id.*

[11] *Id.*

[12] *Id.* at 1182 (10th Cir. 2001) (quoting *Broce*, 488 U.S. at 570).

[13] *Id.*

essence, Defendant believes that defense counsel's failure to object to the PSIR's inclusion of other dropped charges in its guidelines calculation resulted in an unfair sentence. This argument, however, makes clear that Defendant does not challenge the validity of his plea, but rather he challenges his sentence or the manner in which it was determined—a challenge he waived in light of his plea agreement.

Moreover, Defendant's plea agreement explained that "the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3." The Tenth Circuit permits aggregating dropped charges with convicted charges if both offenses are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi."[14] Here, each of the three schemes—Rocking Billy Goat, Champs Bar & Grill, and Getaway Lounge—involved common accomplices, common purposes, and similar modus operandi. Therefore, it was proper for the Court to consider all three when determining Defendant's offense level, so it was also reasonable for defense counsel not to object on this basis.

However, defense counsel did object to the Government's proposed sentencing range. In his Sentencing Memorandum and at the sentencing hearing, defense counsel argued for five-years of probation instead of 21-months of incarceration, which reflected the low end of the guidelines. However, the Court decided that a sentence of probation would not reflect the seriousness of the offense, promote respect for the law, avoid recidivism, or satisfy the interest of justice. As such, it imposed a sentence of 21-months incarceration. As was made clear to Defendant several times,

---

[14] *United States v. Smith*, 705 F.3d 1268, 1274 (10th Cir. 2013) (quoting U.S.S.G. § 1B1.3 cmt. n.9(A)).

the Court ultimately determines Defendant's sentence despite the parties' recommendations. Thus, Defendant's failure to achieve a probationary sentence was not the result of his counsel's ineffective assistance.

In sum, because Defendant challenges his sentence rather than the validity of his plea, his claim falls squarely within the scope of the collateral attack waiver in his plea agreement. Moreover, including relevant conduct in the guideline calculation was a proper consideration, so defense counsel had no valid basis on which to object. Lastly, defense counsel's failure to achieve a probationary sentence despite advocating for one cannot be attributed to ineffective assistance. Accordingly, Defendant's motion to vacate his sentence under § 2255 is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate (Doc. 119) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE